UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jodie Cowan, *on behalf of herself and all others similarly situated*, | : <br> : <br> : Civil Action No.: _____ <br> : |
| Plaintiff, | : <br> : |
| v. | : CLASS ACTION COMPLAINT <br> : |
| GE Capital Retail Bank, | : <br> : |
| Defendant. | : <br> : |

For this Class Action Complaint, Plaintiff, Jodie Cowan, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Jodie Cowan ("Plaintiff"), brings this class action for damages resulting from the illegal actions of GE Capital Retail Bank ("GE" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. General Electric, or GE, is an American multinational conglomerate corporation incorporated in Schenectady, New York, and headquartered in Fairfield, Connecticut.

3. In 2011, GE ranked among the Fortune 500 as the 26th-largest firm in the U.S. by gross revenue, as well as the 14th most profitable. However, the company is listed the fourth-largest in the world among the Forbes Global 2000.

4. As part of its servicing of retail installment contracts, GE uses automated

dialing systems to bombard unsuspecting consumers with automated calls.

5. Plaintiff is such a consumer and seeks relief from Defendant for herself and all others similarly situated.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

7. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500.00-$1,500 .00 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

8. Venue is proper because Defendant is a corporation organized under the laws of the State of Connecticut.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Cave Junction, Oregon.

10. Plaintiff has never had a business relationship with Defendant and never consented to be contacted by Defendant on her cellular telephone.

11. Defendant is, and at all times mentioned herein was, a Connecticut business entity headquartered in Kettering, Ohio.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. The TCPA regulates, among other things, the use of automatic telephone dialing systems.

13. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

14. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15. In or around March 2014, Defendant began placing calls to Plaintiff's cellular telephone number, 514-xxx-2718.

16. Defendant placed the calls to Plaintiff from number 800-355-5443.

17. When answering Defendant's calls, Plaintiff heard a prerecorded message indicating that Defendant was attempting to reach a person other than Plaintiff (the "Debtor"). Plaintiff does not know the Debtor.

18. Defendant obtained Plaintiff's telephone number by buying it from third party sources.

19. At no time did Plaintiff ever provide her cellular phone number to Defendant.

20. At no time did Plaintiff ever enter into a business relationship with Defendant.

21. At no time did Plaintiff provide Defendant with prior written consent allowing it to call her cellular phone.

22. The calls placed to Plaintiff's cellular phone were made with an ATDS

and/or an artificial or prerecorded voice.

23.     Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1), and used its ATDS to make each of the aforementioned calls to Plaintiff on her cellular phone.

24.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

25.

## CLASS ACTION ALLEGATIONS

A.  The Class

26.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

27.     Plaintiff represents, and is a member of the following class:

All persons within the United States who received any telephone calls from Defendant or their agent(s) and/or employee(s) to said person's cellular telephone made through the use of any automatic telephone dialing system and/or using an artificial or prerecorded voice within the four years prior to the filing of this Complaint where the Defendant obtained the cellular telephone number from a source other than the called party.

28.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

29.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury or claims related thereto.  Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons

as facts are learned through further investigation and discovery.

B. Numerosity

30. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

C. Common Questions of Law and Fact

32. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

    b. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

    c. Whether Defendant's conduct was knowing willful, and/or negligent;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common

answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. <u>Typicality</u>

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

E. <u>Protecting the Interests of the Class Members</u>

35. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

F. <u>Proceeding Via Class Action is Superior and Advisable</u>

36. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against GE is small because it is not economically feasible for Class members to bring individual actions.

37. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

38.	Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39.	Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

40.	Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

41.	As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42.	Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

43.	Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

44.	Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

45.	Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

46.	As a result of Defendant's knowing and/or willful violations of the TCPA,

Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C); and
4. Such other relief as the Court deems just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 14, 2014

JODIE GOWAN,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff